UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:10CV-P109-M

**REVEL ZAIN**                                                              **PLAINTIFF**

**v.**

**DAVID OSBORNE** *et al.*                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Revel Zain filed a complaint pursuant to 42 U.S.C. § 1983 alleging claims concerning his incarceration at the Daviess County Detention Center (DCDC). This matter is before the Court on the motion for summary judgment by Defendants David Osborne, Bill Billings, and Kenneth Elschide[1] (DN 46). The motion is ripe for decision. Upon review, for the reasons set forth below, the Court will grant Defendants' motion for summary judgment and enter a separate Judgment dismissing the action.

**I.**

At the time pertinent to the complaint, Plaintiff was incarcerated at DCDC. In the complaint he alleged a variety of claims concerning his incarceration. Because Plaintiff was proceeding *in forma pauperis*, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A. The Court dismissed a number of claims and allowed Plaintiff's individual-capacity claims of excessive force to proceed against Defendants Elschide and Billings; allowed individual and official-capacity claims of denial of religious services, materials, and an Islamic prayer rug to proceed against Defendants Osborne and Billings; and allowed individual-capacity claims for retaliation to proceed against Defendants Osborne, Billings, and Elschide.

---

[1] In the complaint, Plaintiff identified this Defendant as "Kanneth Elschide." In the answer, Defendant Elschide identified the correct spelling of his name as "Kenneth Elschide."

With regard to his excessive-force claims, Plaintiff alleged in the complaint that Defendant Elschide threw him to the floor, pushed him against a wall, and told the guards to put him face down on the floor while he was handcuffed. He stated that on another occasion Defendant Billings ordered twenty guards to come into his cell "with assault gears ski masks guns with Lazer pointing at cell doors." Plaintiff claimed that the guards threw him face down to the concrete floor, dragged him out of his cell, and pointed a gun to his head. He stated that they also stripped his cell of everything in it and then threw him back in the cell face down on the concrete floor and asked if he "had fun with there guest."

In regards to his claims concerning denial of religious services and materials, in the complaint, Plaintiff alleged that when he arrived at DCDC he was told that he could not have his religious materials. He stated that he continued to request Islamic religious materials, services, and an Islamic prayer rug while incarcerated at DCDC and was denied the items. He stated that he was advised by the DCDC chaplain that Defendants Osborne and Billings said they had no service for Muslims in the facility, denied his request for a religious prayer rug, and did not allow Islamic reading material in the facility. Plaintiff stated that there was a meeting scheduled about starting a Muslim service but that Defendants Billings and Osborne denied his request to attend it. Plaintiff alleged that he experienced religious persecution and hardship.

In support of his retaliation claims, Plaintiff alleged in the complaint that Defendants Osborne and Billings retaliated against him by having him held at gunpoint and threatened with harm so that he could not warn inspectors about the conditions at DCDC. Plaintiff also stated that Osborne, Elschide, and Billings placed him in administrative segregation in retaliation for his complaints about having no Islamic service for Muslims, no access to a law library, and problems with the toilet system.

Defendants move for summary judgment on several grounds. First, they argue that Plaintiff failed to exhaust the administrative remedies available to him before filing suit. Secondly, they argue Plaintiff's official-capacity claims fail because he has not established the existence of a custom or policy of Daviess County to which he can attribute any alleged constitutional violation. Third, Defendants argue that Plaintiff has failed to establish supervisory liability on the part of Defendant Osborne. Finally, they argue that Defendants are entitled to summary judgment on the basis of qualified immunity. Because the Court will grant the motion on failure to exhaust, the Court will not address the other grounds argued by Defendants.

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id*. Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all

3

other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D. Mich.1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted).

### III.

The Prison Litigation Reform Act (PLRA) is applicable to this case as it applies to suits by prisoners concerning prison conditions. 42 U.S.C. § 1997e. The PLRA states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has explained, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all administrative remedies is mandatory, and the remedies provided need not meet federal standards or be plain, speedy and effective. *Id.* at 524. Even if the relief sought is not available, exhaustion is still required. *Id*.; *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). One purpose of this requirement is to give prison officials an opportunity to take corrective action and eliminate the need for a lawsuit. *Porter v. Nussle*, 534 U.S. at 525. Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199,

4

216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.*

Finally, an inmate's case may be dismissed for failure to exhaust where it is shown that the inmate did not "properly" exhaust. *Woodford v. Ngo*, 548 U.S. 81 at 88. To "properly" exhaust means that the inmate "'complete[d] the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. at 88). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Defendants Osborne, Billings, and Elschide argue that summary judgment is appropriate because Plaintiff failed to exhaust his available administrative remedies. They attach the affidavit of Defendant Osborne averring that, during the time relevant to the complaint, DCDC had a grievance procedure in place; that there are several layers contained in the grievance process; and that an appeal directly to the jailer is the final step in the grievance procedure. Osborne states that "[i]n order to exhaust all of the administrative grievance remedies available to an inmate at the Daviess County Detention Center, the inmate must appeal to me for a decision by the final authority within the institution." Osborne further avers that while Plaintiff filed grievances at DCDC, "he never filed an appeal directly to me and therefore did not fully exhaust the grievance procedures available to him with regard to his claims regarding excessive force, denial of religious rights and services, and retaliation . . . ."

The DCDC grievance procedure is attached to Osborne's affidavit. The grievance procedure provides that if an inmate is not satisfied with the captain's decision on his grievance,

5

"the inmate may file an appeal to the jailer within five calendar days." The procedure further states, "An inmate Grievance Appeal Form shall be provided upon request."

Plaintiff did not file a response to the motion for summary judgment. However, in compliance with the Court's Scheduling Order, Plaintiff filed a certification stating that he produced relevant discovery to Defendants (DN 43) and a pretrial memorandum (DN 45). The deadline for discovery has passed. Plaintiff attached to the certification five Grievance Forms and four letters from officials with the Kentucky Department of Corrections concerning his complaints about DCDC conditions and request for a transfer. Plaintiff did not, however, produce any Grievance Appeal Form. Plaintiff also stated in his pretrial memorandum that he filed grievances concerning conditions at DCDC, but he did not contend that he filed any grievance appeals.

To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must have presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *overruled in part on other grounds by Woodford v. Ngo*, 548 U.S. at 87. A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies or that it is now futile for him to do so. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

Here, an appeal of the denial of his grievances was available, but Plaintiff did not avail himself of that appeal. Plaintiff therefore has not exhausted his administrative remedies as required by the PLRA.

## IV.

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment (DN 46) is **GRANTED**. The Court will enter a separate Judgment consistent with this Memorandum Opinion and Order.

Date: September 12, 2013

                                            **Joseph H. McKinley, Jr., Chief Judge**
                                                **United States District Court**

cc:     Plaintiff, *pro se*
           Counsel of record
4414.010